UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS CALDERON,<br>Petitioner(s),<br>v.<br>BRUCE SCOTT, et al.,<br>Respondent(s). | CASE NO. C26-2419-KKE<br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

On July 10, 2026, Petitioner filed his fourth petition for a writ of habeas corpus, challenging the immigration judge's ("IJ") decision denying him bond as legally erroneous. Dkt. No. 1. Petitioner seeks immediate release, or, in the alternative, a new bond hearing. *Id.* at 18. On July 24, 2026, Respondents filed their return, arguing that the Court should require Petitioner to exhaust his administrative remedies (i.e., wait for the Board of Immigration Appeals ("BIA") to resolve Petitioner's appeal of the bond determination) before reaching the merits. Dkt. No. 6. at 6–7. Respondents further argued that the petition should be dismissed as violative of the abuse of the writ doctrine, where Petitioner had previously challenged the IJ's bond determination and was denied relief based on his failure to exhaust his administrative remedies. *Id.* at 8–9 (discussing *Calderon v. Mullin*, No. 2:26-cv-01512-GJL, 2026 WL 1487774, at *3 (W.D. Wash. May 28, 2026)). Respondents did not respond to Petitioner's arguments challenging the bond determination as legally infirm or otherwise address the merits of the IJ's order denying bond.

On August 19, 2026, Petitioner filed his traverse. Dkt. No. 11.[1] He noted that on July 28, 2026—four days after Respondents filed their return—the BIA issued a final decision affirming the IJ's bond determination and dismissing Petitioner's appeal. *Id.* at 2; *see also id.* at 33–36 (BIA decision). Petitioner has thus exhausted his administrative remedies, thereby mooting Respondents' primary objections to his petition.

Given that the BIA issued its order after Respondents filed their return, and Respondents did not address the merits of the IJ's bond determination in their return, the Court finds that supplemental briefing from both parties is warranted. Accordingly, the Court ORDERS Respondents to file a supplemental return no later than September 8, 2026, addressing the merits of Petitioner's challenge to the IJ's bond determination. The Court also ORDERS that Petitioner may file a supplemental traverse in response to Respondents' supplemental return no later than September 22, 2026. The supplemental briefs shall be no longer than ten pages.

The Clerk is directed to RENOTE Respondents' return (Dkt. No. 6) to September 22, 2026.

Dated this 31st day of August, 2026.

Kymberly K. Evanson
United States District Judge

[1] Although Petitioner's original deadline for his traverse was August 7, 2026, the Court granted his request for an extension until August 28, 2026. Dkt. Nos. 8, 10.